IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDRA DEMORUELLE, | ) | CIVIL NO. 19-00269 JAO-RT |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE DEFENDANTS' FRCP |
| vs. | ) | 12(b)(5) MOTION TO DISMISS |
| | ) | |
| DAVID BERNHARDT; WILLIAM | ) | |
| A. KUCHARSKI; GREGORY | ) | |
| GOODALE; ALLAN G. SIMEON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' FRCP 12(b)(5) MOTION TO DISMISS

Before the Court is Defendants William Kurcharski, Gregory Goodale, and Allan Simeon's (collectively "Defendants") FRCP 12(b)(5) Motion to Dismiss, filed June 19, 2019. For the reasons articulated below, the Court DENIES the Motion WITHOUT PREJUDICE and ORDERS Plaintiff Sandra Demoruelle ("Plaintiff") to timely effectuate proper service upon Defendants.

### DISCUSSION

Defendants seek to dismiss this action pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5) due to Plaintiff's failure to effectuate proper service of the Complaint and summons. FRCP 12(b)(5) authorizes a defendant to challenge "insufficient service of process." Fed. R. Civ. P. 12(b)(5). When a

defendant challenges service, the plaintiff bears the burden of establishing the validity of service under FRCP 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Int'l Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, absent substantial compliance with FRCP 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

"A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Id.*; *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citation omitted) ("Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading.").[1]

Here, the returns of summonses indicate that Plaintiff served Defendants by certified mail. FRCP 4(j) requires service upon a state or local government by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law

---

[1] Defense counsel filed a general notice of appearance that did not challenge the defective service. ECF No. 19. However, the Court declines to address waiver at this time.

for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Hawaii Rule of Civil Procedure ("HRCP") 4(d) governs service upon county officers and agencies. To comply, Plaintiff must serve the county <u>and</u> deliver "a copy of the summons and of the complaint to [the named] officer or agency." Haw. R. Civ. P. 4(d)(7). To serve the county, Plaintiff must deliver "a copy of the summons and of the complaint to the corporation counsel or county attorney or any of his or her deputies." Haw. R. Civ. P. 4(d)(6). "Delivery" requires personal service, not service by mail. *Wagner v. World Botanical Gardens, Inc.*, 126 Hawai'i 190, 198, 268 P.3d 443, 451 (Haw. Ct. App. 2011) ("HRCP Rule 4(c) specifies who is authorized to serve process and does not include service by mail. In turn, HRCP Rule 4(d)(3) requires the method of service on a corporation to be 'by delivering a copy' of the summons and complaint to an individual listed therein.").

Although it appears that Plaintiff failed to effectuate service in compliance with FRCP and HRCP 4, the window to serve has yet to expire. FRCP 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Because Plaintiff commenced this action on May 29, 2019, the deadline to serve does not expire until August 27, 2019. Therefore, it would be inappropriate to dismiss this action without allowing Plaintiff to rectify the above-referenced deficiencies in service.

Plaintiff is ORDERED to comply with the federal and Hawaii rules concerning proper service upon Defendants and must do so by August 27, 2019. Failure to do so may result in the dismissal of this action. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Due to the uncertainty about when Plaintiff will be able to properly serve Defendants, the Court VACATES the July 19, 2019 hearing on Plaintiff's Motion for Preliminary Injunction. Once Plaintiff meets her burden of establishing the validity of service under FRCP 4, the Court will reset the motion for hearing.

## CONCLUSION

In accordance with the foregoing, the Court DENIES WITHOUT PREJUDICE Defendants' FRCP 12(b)(5) Motion to Dismiss, filed June 19, 2019. The July 19, 2019 hearing on Plaintiff's Motion for Preliminary Injunction is HEREBY VACATED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 20, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00269 JAO-RT; *DEMORUELLE V. BERNHARDT, et al.*; ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' FRCP 12(b)(5) MOTION TO DISMISS