IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANDRA L. DEMORUELLE,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM KUCHARSKI, et al.,<br><br>Defendants. | CIVIL NO. 19-00269 JAO-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff brings this action alleging that a county construction project harms two endangered species—the Hawaiian hawk ("hawk") and the Hawaiian hoary bat ("bat")—in violation of the Endangered Species Act. Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) and FRCP Rule 12(b)(6). ECF No. 43. For the reasons set forth below, the motion to dismiss for lack of standing is GRANTED.

### I. BACKGROUND

**A.  Facts**

According to the Complaint, in 2008, the County of Hawaiʻi Department of Environmental Management ("DEM") published the Final Environmental Impact Statement ("FEIS") for the Ocean View Transfer Station and Recycling Center

("Recycling Center") in Kaʻu, Hawaiʻi.  Pl.'s Compl. [ECF No. 1] ¶ 76.  The FEIS advised that the Recycling Center's construction should take place outside the months of March through August, which is the nesting season of the hawk, and April through August, which is the pupping season for the bat.  *Id.* ¶¶ 78, 80, 87.

      The DEM awarded the contract to build the Recycling Center to a private construction firm in February 2019.  *Id.* ¶ 89.  The contract to build the Recycling Center contains a provision prohibiting clearing activities between April and August to prevent impacts to the bats and hawks.  *Id.* ¶ 92.  The Complaint alleges that construction of the Recycling Center began in March 2019, and tree clearing occurred in late April 2019, *id.* ¶¶ 90–91, which has resulted in "taking" of the bats and hawks in violation of the Endangered Species Act ("ESA") as defined in 16 U.S.C. § 1532.  *See* Pl.'s Compl. ¶¶ 1, 2, 4, 26.

**B.**    **Procedural History**

      When Plaintiff observed the construction of the Recycling Center and related tree clearing in April 2019, Plaintiff notified the DEM that they were in violation of the FEIS and requested that the DEM stop all construction activities at the Recycling Center, but Plaintiff received no response.  *Id.* ¶¶ 94, 99.  Plaintiff filed the Complaint on May 29, 2019, seeking, among other things, an injunction to stop the construction activities.  *Id.* ¶ 120.  The Complaint was filed against Defendants David Bernhardt, Secretary of the Department of the Interior; William

Kucharski, Director of DEM; Gregory Goodale, Division Chief of County of Hawaiʻi Department of Environmental Management Solid Waste Division; and Allan Simeon, Deputy Director of the County of Hawaiʻi Department of Public Works.  It alleges that Defendants Kucharski and Goodale are responsible for the construction of the Recycling Center which is causing the taking of the bats and hawks by impairing their essential behavioral patterns in violation of 16 U.S.C. § 1538(a)(1)(B) (Count 1); that Defendant Simeon failed to include United States Fish and Wildlife Service approval in certain construction permits in violation of 16 U.S.C. § 1538(a)(1)(B) and the Administrative Procedure Act ("APA") (Count 2); that Defendant Bernhardt failed to designate critical habitat for the bats and hawks in violation of 16 U.S.C. § 1533(a)(3)(A) and the APA (Counts 3 and 4); and that Defendant Bernhardt failed to comply with various statutory provisions of the ESA, which also amounts to a violation under the APA (Counts 5, 6, and 7).  *Id.* ¶¶ 106–19.  In her prayer for relief, Plaintiff seeks numerous forms of injunctive and declaratory relief, such as to cease the construction activities until Defendants obtain incidental take permits and a "Habitat Conservation Plan" as allegedly required under the ESA, as well as to require Defendant Bernhardt to render critical habitat designations for the bats and hawks.  *Id.* ¶ 120.  But on June 13, 2019, Plaintiff dismissed David Bernhardt from the action.  ECF No. 21.  Thus only Counts 1 and 2 against Defendants Kucharski, Goodale, and Simeon remain.

Defendants filed the present Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on July 12, 2019. ECF No. 43. Plaintiff filed an opposition on July 19, 2019, ECF No. 53, and Defendants filed a reply on August 8, 2019, ECF No. 58. A hearing was held on August 23, 2019. At the hearing, the Court requested supplemental briefing from Defendants regarding whether Plaintiff had adequately pled standing under *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000). Defendants filed the supplemental briefing on August 26, 2019. ECF No. 61.

Defendants argue: (1) Plaintiff lacks standing to assert her claims; and (2) the Complaint should be dismissed because the construction of the Recycling Center is not in fact taking any endangered species in violation of the ESA. Defendants attach various exhibits to their motion to dismiss but contend the Court should not convert the motion to dismiss into one for summary judgment. ECF No. 43 at 13 n.3, 20 n.6.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) motions challenge the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994). Dismissal under Rule 12(b)(1) is warranted when the plaintiff fails to meet this burden. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A motion to dismiss under Rule 12(b)(1) can amount to a facial or factual challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial challenge, the movant asserts that the allegations of the complaint "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). As in a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations sufficiently invoke the court's jurisdiction. *See id.*

But in a factual challenge, the movant disputes the truth of the allegations through extrinsic evidence, and courts may evaluate whether jurisdiction exists without reliance on the mere allegations of the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing *Gemtel Corp. v. Cmty. Redev. Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994)); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). The party opposing a factual attack must furnish affidavits or other evidence necessary to establish jurisdiction. *See Safe Air*, 373 F.3d at 1039. But courts may not make jurisdictional findings of "genuinely disputed facts" when "the jurisdictional issue and substantive issues are so

intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)); *see also Leite*, 749 F.3d at 1122 n.3 ("[A] court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." (citations omitted)).

## III.   DISCUSSION

The Court concludes that Plaintiff lacks Article III standing because she has failed to adequately plead an injury in fact.

**A.   Defendants' Motion to Dismiss for Lack of Standing under Rule 12(b)(1)**

There are three well-established elements for Article III standing:

> [A] plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Laidlaw*, 528 U.S. at 180–81; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Defendants challenge all three elements of Plaintiff's standing, asserting both facial and factual challenges.  *See* ECF No. 43 at 8–19.  The Court finds that Plaintiff has failed to adequately plead an injury in fact.

> i. **Defendants' facial challenge to Plaintiff's allegations of "injury in fact"**

Defendants first raise a facial challenge to Plaintiff's standing, arguing that the injury Plaintiff alleges is not "particularized" harm, because Plaintiff failed to plead that she has "direct contact with the environmental subject matter," and did not state her "frequency" of "visiting" the bats and hawks. ECF No. 43 at 8–9 (citing *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995)). According to Defendants, the Complaint is merely a "general grievance" that the project harms her along with everyone else's interests in preserving endangered species. *Id.*

To establish injury in fact, a plaintiff must plead a direct and particularized injury. The Supreme Court has held that "the desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing." *Lujan*, 504 U.S. at 562–63. "But the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself [or herself] among the injured." *Id.* (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)). Thus, in *Lujan*, the Supreme Court held the plaintiffs had not established standing to survive a motion for summary judgment where the injury alleged was that if the plaintiffs traveled to Sri Lanka in the future, they might not be able to see certain endangered species. *See id.* at 563–64. The Supreme Court found that the plaintiffs in *Lujan* had no concrete

7

plans to travel to Sri Lanka to view the wildlife, and therefore had not claimed an "actual or imminent" injury. *Id.* at 564.

But the holding in *Lujan* does not foreclose standing where damage to the environment impacts the plaintiff's use of that environment. *See, e.g.*, *Laidlaw*, 528 U.S. at 183 ("[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity." (citation omitted)); *Cantrell v. City of Long Beach*, 241 F.3d 674, 680–81 (9th Cir. 2001) (concluding the plaintiffs had standing to sue over destruction of bird habitat on naval base as they used the naval base and surrounding area to view the birds); *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1149 (9th Cir. 2000) (Injury in fact can be established by "showing a connection to the area of concern sufficient to make credible the contention that the person's future life will be less enjoyable . . . if the area in question remains or becomes environmentally degraded."). This is true even if the plaintiff uses the area only sporadically, and even if the plaintiff uses only the surrounding area reasonably believed to be affected by the illegal activity. *See Ecological Rights Found.*, 230 F.3d 1141.

In *Ecological Rights Foundation v. Pacific Lumber Co.*, 230 F.3d 1141, the plaintiffs alleged that their use and enjoyment of a creek was lessened because of their fears that a lumber mill was polluting the creek. Plaintiffs alleged that the

pollution reduced their aesthetic enjoyment of the entire area, including downstream waterways. *See id.* The district court in that case granted the defendant's motion for summary judgment for failing to adequately establish injury in fact, because none of the plaintiffs stated that they lived near the creek or regularly used it. *See id.* at 1148. But the Ninth Circuit reversed, holding that "[t]he 'injury in fact' requirement in environmental cases is not . . . reducible to inflexible, judicially mandated time or distance guidelines." *Id.* (citing *Laidlaw*, 528 U.S. 167). The Ninth Circuit noted that in *Laidlaw*, the plaintiffs used the area around an allegedly polluting incinerator to various degrees and within a wide geographic range, including one plaintiff who stated only that he had canoed in the river "some 40 miles downstream from the incinerator." *Id.* at 1149. The Ninth Circuit summarized *Laidlaw* by concluding:

> [A]n individual can establish "injury in fact" by showing a connection to the area of concern sufficient to make credible the contention that the person's future life will be less enjoyable—that he or she really has or will suffer in his or her degree of aesthetic or recreational satisfaction—if the area in question remains or becomes environmentally degraded. Factors of residential contiguity and frequency of use may certainly be relevant to that determination, but are not to be evaluated in a one-size-fits-all, mechanistic manner.

*Id.*

Here, although Plaintiff comes close to sufficiently alleging a particularized injury, Plaintiff alleges only that she lives in Kaʻu, the district in which the Recycling Center is being built, that she has strong interests in the bats and hawks,

9

and that she has observed the animals within the district. *See* Pl.'s Compl. ¶¶ 15, 16, 20. Assuming the Complaint's allegations are true, and construing them in Plaintiff's favor, *see Chandler*, 598 F.3d at 1121, the allegations as pled are insufficient to establish that Plaintiff has a "connection to the area of concern sufficient to make credible the contention" that her "degree of aesthetic or recreational satisfaction" will be impaired if the Recycling Center continues to take the bats and hawks. *Ecological Rights Found.*, 230 F.3d at 1149. In particular, the Complaint does not identify where Plaintiff observes the bats and hawks in relation to the Recycling Center. Nor has Plaintiff detailed with sufficient allegations how the Defendants' actions have affected her aesthetic or recreational enjoyment in the locations in which she observes or hopes to observe the bats and hawks.[1]

Defendants argue in their Reply that Plaintiff's allegations are also insufficient because her assertions do not contend that she uses the "actual site" of the Recycling Center or observes the bats and hawks there. ECF No. 58 at 4. But a plaintiff's standing is not contingent on his or her use or enjoyment of the direct *source* of the problem; a Plaintiff need only use the "affected area." *See, e.g.*, *Laidlaw*, 528 U.S. at 183; *Ecological Rights Found.*, 230 F.3d at 1144.

---

[1] Although Plaintiff submitted a declaration in opposition that further details Plaintiff's recreational activities related to the bats and hawks, Defendants' facial challenge, as opposed to their factual challenge, challenges the sufficiency of the Complaint. *See Safe Air*, 373 F.3d at 1039. Moreover, Plaintiff's declaration does not fix the deficiencies in the Complaint described above.

Because Plaintiff has not alleged with sufficient particularity where she engages in her recreational activities in relation to the Recycling Center, or how the Recycling Center's alleged taking of bats and hawks affects her enjoyment of the areas she uses, Plaintiff has failed to adequately plead an injury in fact. Although there are no discrete geographical limits defining the affected area, Plaintiff must do more than assert that she lives in and enjoys nature in the District of Kaʻu. In any amended complaint, Plaintiff should identify where she engages in recreational activities (including where she lives) in relation to the Recycling Center and should also outline how the alleged illegal taking of bats and hawks at the Recycling Center affects her enjoyment of those areas.

### ii.   Defendants' factual challenge to Plaintiff's standing

Defendants also raise a factual challenge to Plaintiff's standing, arguing that contrary to the Complaint's allegations, the Recycling Center is not taking the bats or hawks. ECF No. 43 at 11–14. In support, Defendants submit several exhibits that they argue establish that bats and hawks are not present at the Recycling Center. In the alternative, Defendants assert that if bats and hawks are present at the Recycling Center, any taking is "the result of the independent action of third part[ies]," such as from the illegal dumping in the area. ECF No. 43 at 14.

But Defendants' factual challenge goes to the merits of the case and should properly be addressed through a summary judgment motion or at trial. *See Rosales*

*v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment."); *see also Ecological Rights Found.*, 230 F.3d at 1151 ("[R]equiring the plaintiff to show actual environmental harm as a condition for standing confuses the jurisdictional inquiry . . . with the merits inquiry."); *Safe Air*, 373 F.3d at 1039.  At the motion to dismiss stage, Plaintiff need not prove the merits of her case to establish standing. *See Lujan*, 504 U.S. at 561 ("Since [the elements of standing are] . . . an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." (citations omitted)).

Defendants further contend that the relief Plaintiff seeks cannot redress her injuries, because she seeks an incidental take permit for a project that is not incidentally taking the bats or hawks.  ECF No. 43 at 16–19.  But this is simply another form of the same argument: that the construction is not taking any bats and hawks and therefore the Court should not grant an injunction nor require Defendants to seek an incidental take permit.  *Id.* at 17–19.  Just as explained above, because Defendants' factual dispute goes to the merits of the litigation, the Court will not address such arguments in a Motion to Dismiss.

**B.    Defendants' Motion to Dismiss under Rule 12(b)(6)**

Having determined that the Complaint fails to plead an injury in fact sufficient to confer Article III standing, the Court lacks jurisdiction over the claims.  Thus, the Court does not consider Defendants' Rule 12(b)(6) motion.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017).

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss for lack of standing.  Because amending the Complaint to sufficiently plead an injury in fact is not necessarily futile, the Court grants Plaintiff LEAVE TO AMEND her claims.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Plaintiff may file an amended complaint no later than October 25, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 27, 2019.



Jill A. Otake
United States District Judge

Civil No. 19-00269 JAO-RT, *Demoruelle v. Kucharski, et al.*, ORDER GRANTING DEFENDANTS' MOTION TO DISMISS